UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER M. SMITH, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                      Case No.:

HOME DEPOT U.S.A., INC.,
d/b/a THE HOME DEPOT,
a Foreign Profit Corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Named Plaintiff Jennifer M. Smith, ("Plaintiff"), files this Class Action Complaint alleging Defendant Home Depot U.S.A., Inc., d/b/a The Home Depot, ("Home Depot" or "Defendant"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide her with a timely COBRA notice that complies with the law.

### *Brief Overview*

1.    Following an employee's termination, federal law requires plan administrators to notify the former employee of their right to receive continuation coverage. The notice must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage.

2. Despite having access to the Department of Labor's Model COBRA form, Home Depot chose not to use the model form— presumably to save Home Depot money by pushing terminated employees away from electing COBRA.[1]

3. The deficient COBRA notice[2] at issue in this lawsuit, attached as Exhibit A, both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

4. Home Depot, the plan sponsor and plan administrator of the Home Depot Welfare Benefits Plan ("Plan"), has repeatedly violated ERISA by failing to timely provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5. As a result of receiving the deficient COBRA enrollment notice, Plaintiff could not make an informed decision about her health insurance and lost health coverage.

6. Plaintiff suffered a tangible injury because she did not seek medical treatment as she was uninsured due to Home Depot's late and deficient COBRA forms.

7. And, not only did Plaintiff lose her insurance coverage, after Plaintiff lost her insurance, she lost the ability to direct her health-care related decisions.

---

[1] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190.00, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

[2] Plaintiff only received the Notice attached hereto (Exhibit A). Upon information and belief, at some time during the relevant time period, Home Depot may have utilized a "dual" COBRA notification process, using a series of communications to notify participants of their COBRA rights. This notice process is also unlawful - participants should not be required to extrapolate critical information from multiple communications to understand their COBRA rights and requirements.

8. Home Depot's deficient COBRA notice also caused Plaintiff an informational injury when Home Depot failed to provide her with information to which she was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.6064(b)(4) and 29 U.S.C. § 1166(a).

9. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION, VENUE, AND PARTIES

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

11. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District, venue is also proper.

12. Plaintiff is a former employee of Defendant. She was covered under Defendant's Health Plan, making her a participant/beneficiary under the Plan.

13. Plaintiff experienced a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

14. Defendant is a foreign corporation but is registered to do business in the State of Florida. Defendant employed more than 20 employees who were members of the Plan in each year from 2014 to 2020.

15. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides

medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

16. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

17. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

18. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

19. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

20. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary notice of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event within 44 days. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

21. To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

22. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110.00 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

### *Named Plaintiff Jennifer M. Smith*

23. Named Plaintiff Jennifer M. Smith is a former employee of Defendant and participant in Defendant's health plan.

24. Plaintiff began working for Defendant on March 21, 2004. Plaintiff was abruptly terminated on November 16, 2017. Plaintiff was not fired for gross misconduct.

25. As a result of her termination, Plaintiff experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

26. The notice Defendant sent Plaintiff violates the law. Among other things:

    a. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to include name of the plan under which continuation coverage is available;

5

b. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(ii) because it fails to include the name of the qualifying event;

c. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(iii) because it fails to include identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

d. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(iv) because it fails to include a statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage;

e. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(v) because it fails to include an explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

f. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to include an explanation of the consequences of failing to elect or waiving continuation coverage;

g. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(vii) because it fails to include a description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description

h. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(viii) because it fails to include an explanation of the maximum period for which continuation coverage will be available under the plan, if elected;

i. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because it fails to include a description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

j. Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;

k.  Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include a description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

l.  Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;

m.  Defendant's COBRA form violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.

27. Defendant's COBRA notice confused Plaintiff and resulted in her inability to make an informed decision as to electing COBRA continuation coverage.

28. In fact, Plaintiff did not understand the notice and, further, Plaintiff was unable to elect COBRA because of the confusing and incomplete Home Depot's COBRA notice.

29. For example, the COBRA's notice omission of a payment address left Plaintiff without information on where to mail payment if elected. Similarly, Exhibit A failed to sufficiently explain how to enroll in COBRA.

30. Defendant has in place no administrative remedies Plaintiff was required to exhaust prior to bringing suit.

31. Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

32. Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage, due to Defendant's deficient COBRA election notice.

33. Additionally, after Plaintiff lost her health insurance she suffered further injury when she refrained from seeking medical treatment – despite having an illness requiring medical treatment – because she lost her health insurance due to Defendant's deficient COBRA notice.

34. Finally, Plaintiff suffered an informational injury as a result of Defendant's COBRA notice because she was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following putative class of persons:

> **The Deficient COBRA Notice Class:**
> **All participants and beneficiaries in the Defendant's Health Plan in the United States who were sent a COBRA notice by Defendant in the form attached as Exhibit A, during the applicable statute of limitations period, as a result of a qualifying event as determined by Defendant, who did not elect continuation coverage.**

36. No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class.

37. As such, any efforts related to exhausting such non-existent remedies would be futile.

38. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. The class is comprised of thousands of putative members.

39. <u>Typicality:</u> Plaintiff's claims are typical of the Class. The untimely COBRA notice that Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received is typical of the COBRA notices that other Class Members received and suffered from the same issues.

40. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class members, she has no interests antagonistic to the classes, and has retained counsel experienced in complex class action litigation.

41. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

    b. Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

    d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

    e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

42. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution.

43. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice.

44. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

45. Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available

from Defendant's records, as well as from Defendant's third-party administrator, Alight Solutions.

## CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

46. Plaintiff reincorporates by reference paragraphs 1-9 and 23-45 from above.

47. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

48. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

49. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

50. On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice in the form attached hereto.

51. The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

52. These violations were material and willful.

53. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

    a. Designating Plaintiff's counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant's expense;

c. Declaring that the COBRA notice sent by Defendant to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

e. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

f. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 13th day of April, 2020.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
E-mail: MEdelman@forthepeople.com
E-mail: GTriantis@forthepeople.com
*Attorneys for Plaintiff*